UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| LOGAN ABBY | ) | |
| Plaintiff, ) | Case No. |
| | ) | |
| vs. | ) | |
| | ) | |
| THE THOMAS AGENCY | ) | |
| Defendant | ) | |
| | ) | |

**PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

### I.   INTRODUCTION

1. This is an action brought under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. 227 *et seq*.

### II.  JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, for the TCPA claims. *See also* Mims v. Arrow Financial Services, 132 S. Ct. 740 (2012) (resolving a split between the Circuits and holding that Federal Jurisdiction does exist for private TCPA claims).

2. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here in the District of New Hampshire.

### III.  PARTIES

3. Defendant The Thomas Agency is a corporation with a principal address of 207 Larrabee Road #6, Westbrook, ME 04092

4. Defendant has a Registered Agent by the name of Jonathan Goldberg at PO Box 427, Portland, ME 04112-0427.

5. Plaintiff is a natural person at all times relevant residing in the Maine county of Cumberland County.

## IV.  FACTUAL ALLEGATIONS

4. The Plaintiff has never authorized the Defendant to contact his phone by auto dialer.

5. The Plaintiff received phone calls from the Defendant to his cellular phone number (978) 457-5226 for two years.

6. The Defendant contacted the Plaintiff repeatedly, averaging at least one call to his phone a week.

7. The calls left fully automated messages on the Plaintiff's voicemail.

8. These calls caused the Plaintiff stress and aggravation.

9. Upon information and belief these calls were made by using an automated or predictive dialer in violation of the TCPA.

## V.   CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b) on behalf of himself and a class of similarly situated individuals as defined below:

> All persons in the United States of America who within the last four years received calls from the Thomas Agency on their cellular telephones using an automated or predictive calling system and who did not consent to such calls.

(the "Class").  Excluded from the Class are Defendants, their officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

11. The proposed Class is believed to be so numerous that joinder of all members is impracticable.  The exact number of members of the Class is unknown to Plaintiff at this

time and can only be ascertained through appropriate discovery. The proposed Class is believed to be ascertainable in that the contact information of all members of the Class can be identified in business records maintained by Defendant or the Defendant's principal or agent.

12. Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff and all Class members' claims originate from the same conduct, practice and procedure on the part of the Defendant and Plaintiff has suffered the same injuries as each member of the class. Like all proposed members of the Class, Plaintiff received telemarketing messages from the Defendant to her cellular telephone which utilized an automatic texting system.

13. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel experienced in consumer protection litigation. Plaintiff's counsel has co-counseled consumer class action litigation and has an established ongoing association with experienced consumer class action attorneys with nationwide reach and resources.

14. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it impossible for the members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

15. Issues of law and fact common to the members of the Class predominate over any questions that may affect only individual members, in that Defendants have acted on grounds generally applicable to the Class. Among the issues of law and fact common to the Class are:

    i.    Defendant's violations of the TCPA as alleged herein;

      ii.    The existence of Defendant's identical conduct particular to the matters at issue; including but not necessarily limited to the placement of auto dialed or predictive dialed phone calls to cellular phones without consent.

16. Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

17. A heretofore unknown number of consumers are without a remedy for these violations of Federal Law.

## VI. CLAIMS FOR RELIEF

### COUNT I
### DEFENDANT'S VIOLATIONS OF 47 U.S.C. 227

18. Plaintiff repeats and re-alleges each and every allegation contained herein as if fully stated within this count.

19. The TCPA makes it unlawful for any person to make a call using any automatic telephone dialing system or an artificial or prerecorded voice: "(iii) to the telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A)(ii).

20. The Statutory scheme of the TCPA provides for a private action for violations of the statute: "A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State- (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such actions." 47 U.S.C. § 227(b)(3).

21. "If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. § 227(b)(3).

22. "[A]n act may be 'intentional' for purposes of civil liability even if the actor lacked actual knowledge that [their] conduct violated the law." Jerman v. Carlisle, McNellie, Rini, Kramer, 130 S. Ct. 1605, 1612 (2010). *See also* Kolstad v. American Dental Assn., 527 US 526, 549 (1999) (holding that willful violations can be found where a defendant acts with "careless" or "reckless" disregard for federally protected rights).

23. Here, Defendant has used an "automatic telephone dialing system" to call the Plaintiff on his cellular telephone.

24. In the alternative Defendant has used a "predictive telephone dialing system" to call the Plaintiff on his cellular telephone.

25. The Defendant did not have Plaintiff's consent to contact his cell phone.

26. The Defendant made these calls with careless or reckless disregard that their conduct violated the law.

27. The Defendant made many of these calls within a two year period.

28. The nature of the Defendant's conduct towards the Plaintiff implies that they have conducted these violations in a widespread manner.

WHEREFORE, Plaintiff requests this Honorable Court enter the following relief:

    a. Determine that this action is a proper class action and designating Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure;

    b. Adjudge that Defendant violated 47 U.S.C. § 227;

c. Enjoin the Defendant from any further violations of 47 U.S.C. § 227;

d. Award Plaintiff and members of the Class statutory damages for each phone call made in violation of this statute, pursuant to 47 U.S.C. § 227(b)(3);

e. Award Plaintiff and members of the Class triple damages pursuant to 47 U.S.C. § 227(b)(3);

f. Award Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

g. Approve or award attorneys' fees as appropriate for representing the plaintiff and the class;

h. Issue such other and further relief as the Court may deem just and proper.

**PLAINTIFF IS ENTITLED TO AND HEREBY DEMANDS TRIAL BY JURY**

Dated: December 4, 2017

Respectfully submitted,
Counsel for the Plaintiff,
and the proposed Class,

/s/ Keith A. Mathews
ATTY. Keith A. Mathews
NHBN 20997
Associated Attorneys of New England
587 Union Street
Manchester, NH 03104
Tel: (603) 622-8100
Fax: (888) 912-1497
keith@aaone.law